UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

PAULUS MARIANO,

Petitioner,

v.

JAMES JANECKA, Warden–Facility Administrator, Adelanto ICE Processing Center; THOMAS P. GILES, Director of Los Angeles Field Office; DAVID J. VENTURELLA, Acting Director, U.S. Immigration and Customs Enforcement; MARKWAYNE MULLIN, Secretary of the U.S. Department of Homeland Security; and TODD BLANCHE, Attorney General of the United States,

Respondents.

Case No. 5:26-cv-04210-MCS-DFM

**ORDER DENYING PETITION AND MOTIONS (ECF NOS. 1–3)**

Petitioner Paulus Mariano (A# 216-677-376), a self-represented litigant, brings this action for a writ of habeas corpus. (Pet., ECF No. 1.) Except for the caption page, the petition is identical to a prior petition Petitioner brought in this Court. *See generally* Petition, *Mariano v. Marin*, No. 5:26-cv-01411-JLS-DFM ("*Mariano I*") (C.D. Cal. Mar. 23, 2026), ECF No. 2.[1] In fact, some of the respondents named in the body of the instant petition are the predecessors in office to the respondents named in the caption page. (*See* Pet. ¶¶ 24–26 (identifying the prior Acting Director of Immigration and Customs Enforcement, Secretary of the Department of Homeland Security, and Attorney General of the United States).) Further, the date Petitioner purportedly signed the instant petition is the same date he signed the prior petition, March 19, 2026, over four months ago. (*Id.* at 20.)

The Court denied Petitioner's prior petition and dismissed the action without prejudice. J., *Mariano I* (C.D. Cal. May 18, 2026), ECF No. 20. In short, the Court determined that Petitioner had not exhausted his administrative remedies; that a writ of habeas corpus was not the appropriate remedy for alleged defects in a revocation of release that occurred before Petitioner's instant detention; and that Petitioner could not receive relief under *Zadvydas v. Davis*, 533 U.S. 678 (2001), because he does not have a final removal order. R. & R. 3–5, *Mariano I* (C.D. Cal. May 1, 2026), ECF No. 17; *see* Order Accepting R. & R., *Mariano I* (C.D. Cal. May 18, 2026), ECF No. 19.

The Court applies the Rules Governing Section 2254 Cases in the United States District Courts to this action. *See Pinson v. Carvajal*, 69 F.4th 1059, 1065 (9th Cir. 2023). Rule 4 requires the Court to "promptly examine" a habeas petition and to "dismiss the petition" "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

---

[1] The Court takes judicial notice of the filings in *Mariano I*. Fed. R. Evid. 201(b); *see Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public record.").

Dismissal is required because the petition fails on the merits for all the reasons the Court denied relief in the prior action. Dismissal is also appropriate under the abuse-of-the-writ doctrine, which "generally forbids the reconsideration of claims that were or could have been raised in a prior habeas petition." *Alaimalo v. United States*, 645 F.3d 1042, 1049 (9th Cir. 2011) (internal quotation marks omitted). Because the instant petition is substantively identical to the prior petition, Petitioner has not shown cause and prejudice to justify consideration of the successive petition, or that a fundamental miscarriage of justice would result from dismissal of the successive petition. *See id.*

Accordingly, the petition is denied, and this action is dismissed without prejudice. Petitioner's motion for preliminary injunctive relief and motion for appointment of counsel are both denied because Petitioner cannot succeed on the merits of his claims. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). The Court directs the Clerk to enter judgment consistent with this Order.

**IT IS SO ORDERED.**

Dated: July 29, 2026

MARK C. SCARSI
UNITED STATES DISTRICT JUDGE